IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN RAY GALLEGOS,

      Plaintiff,

v.                                                    CV 15-148 WPL

CAROLYN W. COLVIN, *Acting Commissioner of the Social Security Administration*,

      Defendant.

**ORDER**

Plaintiff Steven Gallegos filed a motion for $5,424.50 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 33.) The Commissioner objects and contends that no attorney fees are appropriate under the EAJA because her position was substantially justified both before the Administrative Law Judge ("ALJ") and before this Court. (Doc. 34.) As explained herein, I find that the Commissioner's position was not substantially justified and therefore grant Gallegos's motion for an award of $5,424.50 in attorney fees under the EAJA.

The EAJA requires courts to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

In order to be substantially justified, the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Id.* (citations omitted).

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 F. App'x 913, 916 (10th Cir. 2005) (unpublished) (citing *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172. "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394.

In this case, I remanded the matter to the Social Security Administration because the ALJ failed to show that he appropriately evaluated the opinion of an examining psychiatrist. (*See* Doc. 31 at 10-11.) The ALJ discounted the psychiatrist's opinion without providing discussion or analysis explaining this decision. The ALJ noted that the psychiatrist's opinion was contradicted by other evidence of record, but accorded only "some" weight to the opinions of the two non-examining psychologists. (*Id.* at 11.) As a result, I was unable to determine the source of the ALJ's mental residual functional capacity evaluation. (*Id.*) I remanded the case with instructions to apply the factors in 20 C.F.R. §§ 404.1527(c) and 416.927(c) to the examining psychiatrist's opinion. (*Id.*)

The Commissioner now argues that I should not award Gallegos attorney fees under the EAJA because she was substantially justified in defending the ALJ's errors, as described in the Memorandum Opinion and Order. Therefore, I must determine whether the Commissioner has

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

met her burden to show that she was substantially justified in defending the ALJ's errors in the subsequent litigation. I find that the Commissioner has not met this burden.

The Commissioner argues that her position defending the ALJ's analysis was substantially justified because there is some flexibility in the amount of specificity an ALJ must provide when describing the weight accorded to medical opinion evidence. Failure to provide adequate reasoning for the weight assigned to the examining psychiatrist's opinion is clear legal error, *see Kerwin v. Astrue*, 244 F. App'x 880, 884 (10th Cir. 2007) (unpublished), and the Commissioner has not shown that her defense of this failure was substantially justified.

The Commissioner further maintains that deficiencies in articulation alone may not warrant an award of attorney's fees. (Doc. 34 at 4 (citing *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006), and *Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992)).) The Commissioner reasons that, because there was some evidence to support the ALJ's decision, her position was substantially justified. Here, I found that the ALJ's articulation was so deficient it rendered the decision unfit for judicial review because I could not determine how or why the ALJ arrived at his decision. (*See* Doc. 31 at 10-11.) Additionally, the only cases that the Commissioner cites to for support of her position are non-binding precedent from the Seventh Circuit.

I agree that the standard for an award of fees under the EAJA is not whether the ALJ's decision was supported by substantial evidence, but whether the Commissioner's position was reasonable in law and fact. Because it is patently unreasonable for the ALJ to so woefully fail to articulate his reasons for discounting a medical opinion that it is unfit for judicial review, it is also unreasonable for the Commissioner to support that position.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

Based on the foregoing, I find that the Commissioner has not shown that her position at the administrative level and in defending the ALJ's decision was substantially justified. *Groberg v. Astrue*, 505 F. App'x 763, 768-69 (10th Cir. 2012) (unpublished) (upholding district court's finding that Commissioner's position in favor of the ALJ's decision was not substantially justified when ALJ rejected medical opinions for unsupportable reasons in favor of his own opinion).

IT IS THEREFORE ORDERED THAT the motion is GRANTED and Plaintiff is awarded $5,424.50 in attorney fees under the EAJA. *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED THAT, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

                                                               */s/ William P. Lynch*
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.